# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEREK ISAAC,** : | |
|     **Plaintiff** : | |
| : | No. 1:20-cv-1993 |
|     **v.** : | |
| : | (Judge Rambo) |
| **ROBERT MARSH,** *et al.*, : | |
|     **Defendants** : | |

## **MEMORANDUM**

On October 30, 2020, *pro se* Plaintiff Derek Isaac ("Plaintiff"), who is currently incarcerated at the State Correctional Institution Benner Township in Bellefonte, Pennsylvania ("SCI Benner Township"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Robert Marsh ("Marsh"), Bradley Booher ("Booher"), Unit Manager Stessney ("Stessney"), Sergeant Z.N. Hammers ("Hammers"), Correctional Officer McClincy ("McClincy"), J. Burd ("Burd"), Curtis Grice ("Grice"), John E. Wetzel ("Wetzel"), Tabb Bickell ("Bickell"), James Barnacle ("Barnacle"), Timtohy A. Holmes ("Holmes"), Wayne Liness ("Liness"), Governor Tom Wolf ("Wolf"), Lieutenant Governor John Fetterman ("Fetterman"), Attorney General Josh Shapiro ("Shapiro"), Dorina Varner ("Varner"), and Keri Moore ("Moore"). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. (Doc. No.

2.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

## I.  BACKGROUND

Plaintiff alleges that on June 3, 2020, he was sitting at a table in the dayroom of Bravo Unit/Alpha Pod at SCI Benner Township when Defendant McClincy walked up to him. (Doc. No. 1 at 5.) Plaintiff was wearing a mask on which he was written "I can't breathe," which were the "last recorded words" of George Floyd before his death in Minneapolis, Minnesota. (*Id.*) Plaintiff alleges that Defendant McClincy accused him of "citing" a riot; Plaintiff responded that he was not citing a riot but was instead honoring Floyd's memory. (*Id.*) Defendant McClincy continued "to display his authoritative dominance" over Plaintiff by oppressing his right to free speech. (*Id.*)

Plaintiff subsequently left the table and went back to his cell. (*Id.* at 6.) Defendant Hammers appeared at the entrance to his cell and confiscated Plaintiff's mask. (*Id.*) Plaintiff alleges that while his mask was confiscated, a white inmate was permitted to wear a face mask printed with a skull and no action was taken

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

against him. (*Id.*) Plaintiff alleges that the same inmate was again permitted to wear the face mask printed with a skull on July 12, 2020 and no action was taken by Defendant Hammers. (*Id.* at 7.) Plaintiff asserts that prior to June of 2020, not one staff member, including Defendants Stessney, Hammers, and McClincy made any mention of his mask. (*Id.*)

Plaintiff alleges that he has been "emotionally unstable" and has experienced "moments of great sadness" because of these events. (*Id.* at 11.) Based on the foregoing, he asserts violations of his First Amendment free speech rights; Article I, § 7 of the Pennsylvania Constitution; 18 Pa. Cons. Stat. §§ 2710 and 5301(2); and various policies and regulations of the Department of Corrections ("DOC"). (*Id.* at 8-10.) The Court also construes Plaintiff's complaint to raise a claim for relief under the Fourteenth Amendment's Equal Protection Clause. He seeks damages as well as an order of protection from retaliatory action. (*Id.* at 8, 13.) Plaintiff also requests that the "transgressors be removed from their employment" and that their superiors, including state-wide elected officials, be held accountable by "enforcing them to uphold their policies." (*Id.* at 12.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for

4

dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

**B.     Claims Filed Pursuant to 42 U.S.C. § 1983**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III.   DISCUSSION

#### A.   Plaintiff's Complaint

##### 1.   Claims Against Defendants Marsh, Booher, Burd, Grice, Wetzel, Bickell, Barnacle, Holmes, Liness, Wolf, Fetterman, Shapiro, Varner, and Moore

As an initial matter, Plaintiff fails to state a claim for relief against Defendants Marsh, Booher, Burd, Grice, Wetzel, Bickell, Barnacle, Holmes, Liness, Wolf, Fetterman, Shapiro, Varner, and Moore. Although Plaintiff names these individuals as Defendants, there are no averments related to them in the body of the complaint. Thus, Plaintiff's claims against these individuals are subject to dismissal without prejudice for that reason alone. *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017

WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing complaint pursuant to screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

Moreover, it appears that Plaintiff seeks to proceed against these individuals because of their supervisory positions or their involvement in his grievances about the events complained of above. For a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of *respondeat superior*. *See Santiago*, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Here, however,

8

Plaintiff has failed to allege plausible supervisory liability claims because he has not set forth any factual averments regarding these Defendants.

Moreover, inmates do not have a constitutional right to prison grievance procedures. *See Lions v. Wetzel*, No. 1:13-cv-2952, 2015 WL 2131572, at *6 (M.D. Pa. May 6, 2015). The filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Pressley v. Beard*, 266 F. App'x. 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); *Ramos v. Pa. Dep't of Corr.*, No. 06-1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (concluding that where a defendant, after being informed of the violation through

9

the filing of grievances, reports, or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant had the necessary personal involvement); *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (concluding that a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that a complaint alleging that prison officials failed to respond to the inmate plaintiff's grievance does not state a constitutional claim), *aff'd*, 142 F.3d 430 (3d Cir. 1998). Consequently, any claims asserted by Plaintiff in an attempt to establish liability against Defendants based solely upon the substance of their respective responses, or lack thereof, to his grievances or administrative remedies does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for liability); *see also Brooks*, 167 F. App'x at 925; *Ramos*, 2006 WL 2129148, at *3.

### 2. First Amendment Claims

Plaintiff suggests that Defendants McClincy, Hammers, and Stessney violated his First Amendment free speech rights by confiscating his mask. The United States Supreme Court has noted that "[f]ree speech is not absolute at all times and under all circumstances." *See Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942). Types of speech that are unprotected include, but are not limited to, fighting

words, threats, obscenity, and speech that "imminently incites illegal activity." *See Parran v. Wetzel*, No. 3:14-cv-1522, 2016 WL 1162328, at *6 (M.D. Pa. Mar. 23, 2016). It is well established that inmates retain "the protections afforded by the First Amendment," *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987), but they "retain[] [only] those First Amendment rights that are not inconsistent with [their] status as [] prisoner[s] or with the legitimate penological objectives of the corrective system." *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). An inmate's First Amendment right to free speech, therefore, may be curtailed if the inmate's speech poses "the likelihood of disruption to prison order or stability, or otherwise interferes with the legitimate penological objectives of the prison environment." *See Jones v. N.C. Dep't of Corr.*, 433 U.S. 119, 132 (1977); *see also Turner v. Safley*, 482 U.S. 78, 87 (1987) (noting that prison regulations can restrict free speech if such restrictions are "reasonably related to legitimate penological interests"). "Thus, an inmate's First Amendment rights do not include the right to debate staff orders prior to obeying them, disregard prison rules, or engage in activities that may incite a disturbance." *See Parran*, 2016 WL 1162328, at *6. At this time, the Court concludes that Plaintiff has set forth a plausible First Amendment free speech claim against Defendants McClincy, Hammers, and Stessney.

### 3. Fourteenth Amendment Claims

Plaintiff also appears to suggest that Defendants McClincy, Hammers, and Stessney violated his Fourteenth Amendment equal protection rights because his mask was confiscated and a Caucasian inmate was permitted to wear a mask printed with a skull.

The Equal Protection Clause requires all persons "similarly situated" to be treated alike by state actors. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Traditionally, "[i]n order to establish a *prima facie* case of discrimination under the Equal Protection Clause, [plaintiffs] need[] to prove that they were members of a protected class [such as race or gender] and that they received different treatment than that received by similarly-situated individuals." *See Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002). However, where a plaintiff alleges that he alone "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," he may raise a "class of one" equal protection claim. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008). To maintain such a claim, a plaintiff must establish that he has been irrationally singled out for disparate treatment. *See id.* "[A]t the very least, to state a claim under [a class of one theory], a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the

12

difference in treatment." *Mosca v. Cole*, 217 F. App'x 158, 164 (3d Cir. 2007). When alleging the existence of similarly situated individuals, plaintiffs "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" will not suffice. *See Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).

As an initial matter, prisoners are not a protected class of individuals. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001). Plaintiff, however, suggests that he was discriminated against because of his race, which is a protected class. *See Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 n.112 (3d Cir. 2016). At this time, the Court concludes that Plaintiff has set forth a plausible Fourteenth Amendment equal protection claim against Defendants McClincy, Hammers, and Stessney.

### 4. Claims Pursuant to the Pennsylvania Constitution

Plaintiff maintains further that Defendants' actions violated Article 1, Section 7 of the Pennsylvania Constitution. As the Third Circuit has recognized, however, "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." *See Pocono Mtn. Charter Sch. v. Pocono Mtn. Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir.

2011). Accordingly, any claims seeking damages pursuant to the Pennsylvania Constitution are subject to dismissal. Plaintiff, however, may proceed on any claims seeking declaratory and injunctive relief under the Pennsylvania Constitution. *See Jones v. City of Philadelphia*, 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006).

### 5. Claims Pursuant to the Pennsylvania Crimes Code

Pennsylvania also seeks to assert claims for relief pursuant to 18 Pa. Cons. Stat. Ann. § 2710, which criminalizes ethnic intimidation, and 18 Pa. Cons. Stat. Ann. § 5301(2), which criminalizes official oppression. (Doc. No. 1 at 9.) Pennsylvania courts "have on occasion recognized that tort liability may be imposed for Crimes Code violations" and that the "same conduct that constitutes a violation of a criminal statute may also form the basis for a separate civil claim." *D'Errico v. DeFazio*, 763 A.2d 424, 430 (Pa. Super. Ct. 2000). Here, however, Plaintiff "do[es] mot seek redress under general negligence or other well-established common law principles[;] instead, [he] seek[s] to impose civil liability based on the criminal statute[s] [themselves]." *Id.* The Court has not located any indications that there are private causes of action for the various crimes Plaintiff believes Defendants committed. *See, e.g.*, *Williams v. Wetzel*, No. 1:17-cv-79, 2020 WL 583983, at *17 (M.D. Pa. Feb. 6, 2020) (concluding same with respect to official oppression), *aff'd*, 2020 WL 5422985 (3d Cir. Sept. 10, 2020); *cf. Bullock v. Bimbo Bakeries USA*, No. 1:09-cv-1902, 2010 WL 1753643, at *5 (M.D. Pa. Feb. 5, 2010) (concluding that

14

plaintiff could not maintain a private cause of action for alleged theft crimes under Pennsylvania law), *Report and Recommendation adopted by* 2010 WL 1753770 (M.D. Pa. Apr. 27, 2020). The Court, therefore, will dismiss Plaintiff's claims pursuant to 18 Pa. Cons. Stat. Ann. §§ 2710 and 5301(2).

### B.     Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, it would be futile to permit Plaintiff to amend: (1) any claims arising from Defendants' involvement in the review of his grievances; (2)

any claims seeking monetary relief under the Pennsylvania Constitution; and (3) his claims pursuant to the Pennsylvania Crimes Code.  However, it is neither clear that amendment would be futile, nor is there any basis to believe that amendment would be inequitable, with respect to any other claims Plaintiff raises against Defendants Marsh, Booher, Burd, Grice, Wetzel, Bickell, Barnacle, Holmes, Liness, Wolf, Fetterman, Shapiro, Varner, and Moore.  Accordingly, Plaintiff will be granted leave to file an amended complaint with respect to such claims.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document.  The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of each defendant in the acts that he claims violated his rights.  Mere conclusory allegations will not set forth a plausible claim.  Plaintiff is advised that if he fails to file an amended complaint, the above-captioned case will proceed only as to his First and Fourteenth Amendment claims against Defendants McClincy, Hammers, and Stessney.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) and partially dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims arising from Defendants' involvement in the review of his grievances, his claims seeking monetary relief under the Pennsylvania Constitution, and his claims pursuant to the Pennsylvania Crimes Code will be dismissed with prejudice. Any other claims Plaintiff seeks to raise against Defendants Marsh, Booher, Burd, Grice, Wetzel, Bickell, Barnacle, Holmes, Liness, Wolf, Fetterman, Shapiro, Varner, and Moore will be dismissed without prejudice to Plaintiff's right to file an amended complaint as set forth above. If Plaintiff fails to file an amended complaint, the above-captioned case will proceed only as to his First and Fourteenth Amendment claims against Defendants McClincy, Hammers, and Stessney. An appropriate Order follows.

/s Sylvia H. Rambo
United States District Judge

Dated: November 5, 2020