IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEREK ISAAC,** : | |
|     **Plaintiff** : | |
| : | No. 1:20-cv-1993 |
| **v.** : | |
| : | (Judge Rambo) |
| **ROBERT MARSH,** *et al.*, : | |
|     **Defendants** : | |

## ORDER

**AND NOW**, on this 5th day of November 2020, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED**;

2. Plaintiff shall pay the full filing fee of $350.00, based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward

    payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to forward a copy of this Order to the Superintendent/Warden of the institution where Plaintiff is presently confined;

5. The complaint (Doc. No. 1) is **DEEMED FILED**;

6. Plaintiff's claims arising from Defendants' involvement in the review of his grievances, his claims seeking monetary relief under the Pennsylvania Constitution, and his claims pursuant to the Pennsylvania Crimes Code are **DISMISSED WITH PREJUDICE**. Any other claims Plaintiff seeks to raise against Defendants Marsh, Booher, Burd, Grice, Wetzel, Bickell, Barnacle, Holmes, Liness, Wolf, Fetterman, Shapiro, Varner, and Moore are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted;

7. Plaintiff may file an amended complaint with respect to any such claims against Defendants Marsh, Booher, Burd, Grice, Wetzel, Bickell, Barnacle, Holmes, Liness, Wolf, Fetterman, Shapiro, Varner, and Moore within thirty (30) days of the date of this Order. If Plaintiff elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff claims violated his rights. Mere conclusory allegations will not set forth cognizable claims. Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supersede the original complaint. *See Knight v. Wapinsky*,

No. 12-cv-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (stating that an amended complaint supersedes the original complaint). Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived. *Id.* (citations omitted). Accordingly, Plaintiff's amended complaint must also set forth his First and Fourteenth Amendment claims against Defendants McClincy, Hammers, and Stessney should he wish to proceed upon them as well;

8. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form; and

9. The Court will defer service of the complaint for thirty (30) days. If Plaintiff files an amended complaint, it will supersede the original complaint as set forth above. If Plaintiff fails to file an amended complaint within thirty (30) days of the date hereof, the Court will direct service of the original complaint upon Defendants McClincy, Hammers, and Stessney.

s/ Sylvia H. Rambo
United States District Judge